Gerald JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 63887.

Court of Criminal Appeals of Texas, En Banc.

March 16, 1983.

Rehearing Denied May 11, 1983.

---

George H. Tyson, Jr., Michael Ramsey, Houston, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for criminal solicitation, V.T.C.A., Penal Code Sec. 15.03. The jury assessed punishment at 15 years.

Appellant states in his first and second grounds of error that the trial court erred in overruling his motion for an instructed verdict and his request for an instruction on V.T.C.A., Penal Code Sec. 15.05.

■ Appellant was convicted under the second paragraph of the indictment, which states in relevant part:

"with intent that a capital felony, to-wit: capital murder, be committed, the said Gerald Johnson requested and attempted to induce Roger Bryant to employ another to intentionally and knowingly cause the death of an individual, namely, John R. Lee, for remuneration and the promise of remuneration, . . . "

Sec. 15.03, supra, states in part:

"A person commits an offense if, with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission."

Appellant urges that the indictment does not state an offense since the language of the indictment that charges appellant with a request or attempt to induce another to employ another is a solicitation of a solicitation and specifically prohibited by Sec. 15.-05, supra, which provides:

"Attempt or conspiracy to commit, or solicitation of, a preparatory offense defined in this chapter is not an offense."

The "request and attempt" allegations of the indictment constitute solicitation, but "to employ" does not. "To employ" goes beyond mere solicitation and is a completed act. Therefore, the solicited employing person would become a party to the commission of capital murder under V.T.C.A., Penal Code Sec. 19.03(a)(3). As a result, the act allegedly solicited, that "Gerald Johnson requested and attempted to induce Roger Bryant *to employ* another to intentionally

and knowingly cause the death of an individual" would make Roger Bryant a *party* to the commission of the felony solicited under Sec. 15.03, supra. (Emphasis added.)

The Practice Commentary after Section 15.03 summarizes the problem adequately:

"... criminal solicitation applies to a narrow area of conduct very close to the beginning of a criminal enterprise and may be thought of as an 'attempted' conspiracy.

"The nature and scope of Section 15.03 may be illustrated by a case in which A solicits B to kill C. ... If, however, B refuses to undertake the homicidal project, the conduct of A was not criminal under prior law, but A is guilty of criminal solicitation under Section 15.03.

\* \* \* \* \* \*

"... The last phrase of subsection (a), 'or make the other a party to its commission,' ensures that a person who requests another to engage in complicitous conduct rather than perpetrate the offense, can be convicted of criminal solicitation."

The trial court's refusal of a requested instruction under Sec. 15.05, supra, was proper. Appellant's grounds of error one and two are overruled.

Appellant's third, fourth and fifth grounds of error assert that it was error to allow prejudicial evidence of conversations that constituted separate offenses occurring on August 18 and 19, 1976, over 2 months after June 17, 1976, the date alleged in the indictment. Further, appellant urges that without the evidence of the conversations on August 18 and 19 there would be insufficient evidence to prove appellant's guilt of criminal solicitation on June 17, 1976, as charged in the indictment.

"Evidence of extraneous offenses committed by the accused has been held admissible: (1) to show the context in which the criminal act occurred—what has been termed the 'res gestae'—under the reasoning that events do not occur in a vacuum and that the jury has a right to hear

what occurred immediately prior to and subsequent to the commission of that act, so that they may realistically evaluate the evidence; (2) to circumstantially prove identity where the state lacks direct evidence on this issue; (3) to prove scienter, where intent or guilty knowledge is an essential element of the state's case and cannot be inferred from the act itself; (4) to prove malice or state of mind, when malice is an essential element of the state's case and cannot be inferred from the criminal act; (5) to show the accused's motive, particularly where the commission of the offense at bar is either conditioned upon the commission of the extraneous offense or is a part of a continuing plan or scheme of which the crime on trial is also a part; (6) to refute a defensive theory raised by the accused." *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr. App.1972) and cases cited therein; *McCann v. State,* 606 S.W.2d 897 (Tex.Cr. App.1980).

These exceptions are not mutually exclusive. Numbers one and five apply to the present case best. The record reflects that the solicitation negotiations by the appellant for the murder of Lee continued from mid June 1976 through August 19, 1976. The negotiations were part of a continuing plan or scheme that reflects appellant's intent and the context of the criminal solicitation. The date alleged in the indictment of June 17, 1976, is a reflection of the first date appellant solicited Bryant.[1] The subsequent negotiations, also offenses, reflect the continuing course and scheme of appellant starting from the initial solicitation on June 17. The trial court did not err by overruling appellant's objection that the conversations occurring in August should be excluded as extraneous offenses. The evidence presented at trial of the series of conversations is sufficient to support appellant's conviction of criminal solicitation as charged in the indictment.

In appellant's sixth ground of error he asserts that it was error for the trial judge not to respond to his objection that the court's charge should include instructions on circumstantial evidence. Such a charge is no longer required under Texas law. *Hankins v. State,* 650 S.W.2d 784 (Tex.Cr.App.1983). The ground of error is overruled.

Appellant asserts in his seventh and eighth grounds of error that the trial court erred in overruling his motion for an instruction on the defense of entrapment raised by the evidence.

V.T.C.A., Penal Code Sec. 8.06, states:

"(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. *Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.*

"(b) In this section 'law enforcement agent' includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents." (Emphasis added.)

Sec. 8.06 adopts the "objective" test for entrapment, and once the court determines there was an inducement, the only consideration is of the nature of the police activity involved, without reference to the predisposition of the particular defendant. *Langford v. State,* 571 S.W.2d 326 (Tex.Cr.App. 1978) (on rehearing 578 S.W.2d 737); *Norman v. State,* 588 S.W.2d 340 (Tex.Cr.App. 1979); *Ranson v. State,* 630 S.W.2d 904 (Tex.App.1982).

Appellant's assertion that Bryant went to appellant's home with the intent to draw appellant into an act which would

---

1. The time limitation for filing an indictment for criminal solicitation is the same as that of the felony solicited. Art. 12.03(c), V.A.C.C.P.

The felony solicited in the instant case, murder, has no time limitation for presentment of an indictment. Art. 12.01(1), V.A.C.C.P.

amount to criminal solicitation is not founded in the record. The record reveals that Bryant acted voluntarily in cooperation with law enforcement officers. He was instructed by the officers that in order to "make the case" and corroborate the already solicited murder, they needed the appellant to mention to Bryant, while he was wired with a hidden microphone, the intended victim's name, and give Bryant an amount of money. The records show that the appellant stated that he had already obtained the money for Lee's murder.

The entrapment defense is available if the officer specifically instructed his agent or informant to use an improper procedure to "make a case" against a particular defendant. *Rangel v. State,* 585 S.W.2d 695, 699 (Tex.Cr.App.1979).

■ The evidence does not reveal and appellant has failed to point out any specific improper procedure law officers used to "make a case" against the appellant. The record shows that the appellant actively pursued the arrangements for Lee's murder without inducement from Bryant. The record indicates further that appellant voluntarily made references to the intended victim and offered money for his murder. As a result, only an *opportunity* was afforded to the appellant to commit the criminal solicitation. *Maddox v. State,* 635 S.W.2d 456 (Tex.App.1982). The evidence failed to show an inducement. The defense of entrapment was not raised. Accordingly, the trial court properly overruled appellant's request for an instruction on the defense of entrapment.

■ Appellant asserts in his ninth ground of error that the court's charge was fundamentally defective since the jury could find appellant either intentionally or knowingly committed criminal solicitation. This instruction, it is argued, would allow a finding of guilt upon a lesser degree of

2. Appellant was allowed to have a copy of the original tape recording and listen to the original

culpability than that authorized by the statute.

V.T.C.A., Penal Code Sec. 15.03(a) states in part:

"A person commits an offense if, *with intent* that a capital felony or felony ..." (Emphasis added.)

The practice commentary to Sec. 15.03, supra, states in part:

"... The acts prohibited by the subsection (9) are of an active, positive nature, and the culpable mental state required is *specific intent."* (Emphasis added.)

The appellant specifically complains about the portion underlined in paragraph V of the court's charge, which states:

"Now, if you should find and believe from the evidence beyond a reasonable doubt that on or about the 17th day of June, 1976, in Winkler County, Texas, the Defendant did *intentionally or knowingly,* with intent that capital murder be committed, request and attempt to induce Roger Bryant to employ another to ..."

This charge requires a finding of acting intentionally or knowingly *in addition to* a finding that appellant acted *with intent* that capital murder be committed. "Intentionally *or* knowingly" is submitted as an additional element that does not reduce the State's burden of proof. Appellant's ninth ground of error is overruled.

■ Appellant urges in his tenth ground that it was error for the trial court to overrule his motion for an independent examination of the original tape recording.[2] Appellant's motion for examination of evidence was filed as marked by the District Clerk of Crockett County on June 9, 1977. In the order signed by the trial judge accompanying the motion is the following:

"On this 3rd day of April, 1978, the foregoing motion having been presented and heard by the court; ..."

tape.

April 3, 1978, was the day of trial. In support of his motion, appellant relies on an affidavit made by his trial counsel. The record reveals that the affidavit, although included in the record, was not presented to the court nor introduced as evidence in support of appellant's motion. There is no indication in the record of any evidence presented to show that appellant had a reasonable basis to doubt the integrity and authenticity of the sound recordings. Appellant's motion is not self-proving. He was provided with a copy of the tape and his was one of the voices on the tape. He was therefore in a position where he could have asserted any discrepancies to support his motion. He did not. No diligence has been shown. See *Quinones v. State,* 592 S.W.2d 933, 942 (Tex.Cr.App.1980). Accordingly, for the reasons stated, we overrule appellant's tenth ground of error without reaching the merits.

Next, appellant complains that he was entitled under *Gaskin v. State,* 172 Tex. Cr.R. 7, 353 S.W.2d 467 (Tex.Cr.App.1961), to examine the notes of Department of Public Safety agent Scott relative to his recollection of the taped conversation between appellant and Roger Bryant.

A transcript was made of the tape recorded conversation between appellant and Bryant. Agent Scott and Department of Public Safety Sgt. Roberts taped the conversation from a walkie-talkie. The walkie-talkie picked up the transmission of the conversation from a hidden microphone on Bryant. Prior to trial Scott and Roberts listened to the tape recording. They attempted and succeeded in supplying some undistinguishable words to the transcript made from the tape. Scott testified that the words supplied were "and", "but," and "where."

During examination of Scott outside the presence of the jury, appellant's counsel argued that the transcript of the conversation and Scott's notes were a statement prepared by him and sought discovery under *Gaskin.*

In the present case Scott's and Roberts' additions to the transcript of the recording were an interpretation of the original tape and thereby a work product of the State. The record indicates that the officers refreshed their memory from a review of the original tape and the transcript itself. However, the transcript, including the additions, and the original tape were recordings of statements by the appellant and Bryant. They are not reports or statements of Scott and Roberts. *Gaskin, supra,* applies only to statements of witnesses. Therefore, the transcript and additions were not subject to the *Gaskin* rule. See *Hart v. State,* 447 S.W.2d 944 (Tex.Cr.App. 1969); *White v. State,* 496 S.W.2d 642 (Tex. Cr.App.1973).

In grounds of error twelve, thirteen and fourteen appellant asserts that the trial court erred in overruling his timely motion for mistrial based on several different instances of the prosecutor's jury argument. The trial objections were either too general or at variance from the ground urged on appeal. Nothing is presented for review.

In another attack on the prosecutor's jury argument, appellant urges in his fifteenth ground of error that it was error to allow the unsworn testimony by the prosecutor as to the visiting hours of the Texas Department of Corrections before the jury at the punishment phase.

The statement appellant particularly objects to is the following:

"MR. WILLIAMSON: Mr. Luscombe [defense counsel] says you will be taking him [appellant] away from his loved ones. Well, that is not exactly a correct statement. If you send him to the penitentiary, they can visit him down there. They have regular visiting rules. But what would have happened if he had been successful in getting Mr. Lee killed? Where is Janie Lee going to go to see John?

"MR. LUSCOMBE: If it please the Court, we will object. This is outside the record, if it please the Court.

"MR. WILLIAMSON: Your Honor, this is proper argument.

"THE COURT: Objection overruled."

Appellant argues that in *Lott v. State*, 490 S.W.2d 600, 601 (Tex.Cr.App.1973) the conviction was reversed because the prosecutor informed the jury that the Texas Department of Corrections had special units for young offenders and that the defendant would be sent to the proper unit. However, the *Lott* opinion also stated the record did not reveal that the prosecutor's remarks were a legitimate *answer* to defense counsel's argument that the jury should not send the defendant to the penitentiary where he could be taught to be a hardened or professional criminal.

In the present case appellant's counsel argued:

"MR. LUSCOMBE: ... And as far as any rehabilitation is concerned, should he be sent to the state penitentiary, fifty-eight, and locked up away from his wife and his children whom he has supported and cared for, well for all his life?

\* \* \* \* \* \*

"And so if you feel that this man should not be locked up in the penitentiary, but permitted to be with his family subject to the control of the probation department of this state to see that he abides by the rules, then hold to that conviction, because this is important and as much of law enforcement as anything else."

The prosecutor's statement as to the visiting rules of the Texas Department of Corrections was outside the record but invited by the defense counsel's argument. See *Lott*, supra; *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973) and cases cited therein. *Grice v. State*, 635 S.W.2d 890, 894 (Tex.App.1982). The ground of error is overruled.

Appellant asserts in his sixteenth ground of error that the trial court erred by failing to grant his motion for a mistrial because of the prejudicial question of the prosecution during the punishment stage requesting specific details of a prior misdemeanor conviction.

On cross-examination by the prosecutor at the punishment stage the appellant testified, inter alia, to the following:

"Q. Have you been convicted of an assault in Winkler County, Texas?

"A. I was not tried in Winkler County, Texas. I pleaded nolo contendere to a misdemeanor assault; paid a twenty-five dollar fine at that time.

"Q. Okay. Now then, you said you weren't tried in Winkler County. You were tried in the Winkler County Court, were you not, by Judge E.C. Locklear, is that correct?

"A. Well, you were the County Attorney at that time.

"Q. That is correct.

"A. And I believe our discussion of my pleading, your offer of the plea and my acceptance, was done in the hall of the Winkler County Courthouse. I did not consider Court was in the hall, it may have been.

"Q. But you did plead guilty, did you not?

"A. I pled nolo contendere. You may consider that guilty according to the laws of the State of Texas.

\* \* \* \* \* \*

"Q. And that is what you pled and you were fined?

"A. Yes, sir.

"Q. Did that assault charge have anything to do with a weapon being involved?

"MR. LUSCOMBE: If it please the Court—

"WITNESS JOHNSON: Not to my understanding.

"MR. LUSCOMBE: Just a minute. We will object to that. He has testified as to his conviction, simple assault, and I believe that's all that's permissible before

the Court. And if we get into this, why, if there is anything further on it, we will ask the jury be excused.

"THE COURT: Objection sustained.

By Mr. Williamson:

"Q. When did you leave Crane?

"MR. LUSCOMBE: We will ask the jury—

"THE COURT: The jury will disregard the prosecuting attorney's last statement and not consider it for any purpose.

"MR. LUSCOMBE: And we move the Court for a mistrial because of the prejudicial nature of the statement and forcing the defendant to object.

"THE COURT: Motion denied."

█ It is well settled that Art. 37.07, Sec. 3(a), V.A.C.C.P., limits the introduction of a prior criminal record to the fact of conviction and does not permit the State to show the details of the offense. *Mullins v. State,* 492 S.W.2d 277 (Tex.Cr.App.1973); *Lege v. State,* 501 S.W.2d 880 (Tex.Cr.App. 1973); *Cain v. State,* 468 S.W.2d 856 (Tex. Cr.App.1971). In addition the State is not permitted to allude to or in any way bring before the jury the surrounding facts in the prior conviction. *Walker v. State,* 610 S.W.2d 481 (Tex.Cr.App.1980).

█ Here, the error is not reversible because any harm was cured by: (1) a favorable response by the appellant; (2) a sustained objection to the question, and (3) an instruction to the jury to disregard. See *Wallace v. State,* 501 S.W.2d 883 (Tex.Cr. App.1973) and cases cited therein; *Walker v. State,* 555 S.W.2d 454 (Tex.Cr.App.1977); *Rodriguez v. State,* 577 S.W.2d 491 (Tex.Cr. App.1979); *Marlow v. State,* 537 S.W.2d 8 (Tex.Cr.App.1976); *Kirkpatrick v. State,* 515 S.W.2d 289 (Tex.Cr.App.1974).

█ In his final ground of error appellant asserts that it was error for the trial court to overrule his motion for a mistrial because the prosecutor attempted to inject appellant's reputation into issue at the punishment stage of the trial. The record re-

veals the following cross-examination of Dr. Gibson, who was called as a character witness by the appellant.

By Mr. Williamson:

"Q. Doctor Gibson, how long did you say you had been acquainted with the Defendant in this case?

"A. I think he moved to Kermit in 1964.

"Q. And you have known him all that time?

"A. Yes, sir.

"Q. Do you know the general reputation of Gerald Johnson with respect—

"MR. LUSCOMBE: If it please the Court, this is not in issue at this time.

"MR. WILLIAMSON: I understand this is a character witness, and his character is—

\*    \*    \*    \*    \*    \*

"MR. PETRICOLAS: This witness cannot testify as to reputation of Doctor Johnson. Therefore it is not within the scope of cross-examination.

"MR. LUSCOMBE: This is character and not reputation two different things, Judge.

"MR. WILLIAMSON: Your Honor, we will withdraw the question about the reputation of Doctor Johnson.

"THE COURT: Objection sustained.

"MR. LUSCOMBE: And ask that the jury be instructed not to consider the statement.

"THE COURT: The jury will not consider the statement—the last statement of the District Attorney for any purpose.

"MR. LUSCOMBE: And we move for a mistrial because of the prejudicial and inflammatory nature of the District Attorney's question.

"THE COURT: Overruled."

The prosecutor's unfinished and unanswered question of the appellant's reputation, coupled with the favorable ruling and instruction in this case, do not present re-

versible error. *Marlow v. State,* supra; *Kirkpatrick v. State,* supra. The ground of error is overruled.

The judgment of the trial court is affirmed.

ONION, P.J., not participating.

TEAGUE, J. dissents to disposition of ground of error no. 10.