Delbert Lewis BOWMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–89–567–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 21, 1989.
Discretionary Review Refused
March 28, 1990.

George McCall Secrest, Jr., Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Delbert Lewis Bowman, appeals his judgment of conviction for the offense of burglary of a motor vehicle. TEXAS PENAL CODE ANN. § 30.04. (Vernon 1989). The jury rejected appellant's not guilty plea and, upon finding the two enhancement paragraphs in the indictment to be true, assessed his punishment at confinement for life in the Texas Department of Corrections. We affirm.

Appellant brings three points of error on appeal. In his first point of error, appellant submits reversible error was committed by the prosecutor in arguing to the jury, over objection of defense counsel, facts concerning a prior conviction used for enhancement of punishment. In his second point of error, appellant asserts reversible error was committed by the prosecution in its final argument at the punishment phase which constituted an invitation for the jury to consider the parole law in assessing punishment. In his third point of error, appellant argues reversible error was committed by the prosecutor in voir diring the jury panel as to the range of punishment applicable in an habitual offender case thus jeopardizing appellant's presumption of innocence.

In his first point of error, appellant submits it was reversible error for the prosecutor to argue facts relating to a prior conviction during closing argument on punishment. The portion of the prosecutor's closing argument with which appellant specifically takes issue is as follows:

STATE: If you look at it right now he has got at least five victims. All of these were victims of crimes. Every single one of them, somebody was hurt. Was it their sense of well-being? Was it physical? Was it both? He stole, burglary, all of these things add victims. Now we are on his third one. Robbery by assault, burglary, all of these things add victims. People whose lives were affected by that man. People who didn't

feel safe to go to their car because they didn't know what was going to happen. *People who didn't feel safe because they got beat up when they had their property stolen from their—*
DEFENSE COUNSEL: Objection. That calls for—facts not in evidence.
COURT: Overruled.

■■■ Appellant correctly argues that in introducing evidence of prior convictions, the State is limited to the fact of conviction and is prohibited from showing the details of the offense. *Johnson v. State,* 650 S.W.2d 784 (Tex.Crim.App.1983) citing *Mullins v. State,* 492 S.W.2d 277 (Tex.Crim. App.1973). *Johnson* is inapposite to the facts of the instant case. In *Johnson,* the claimed error occurred when the evidence of the prior offense was first introduced. Unlike *Johnson,* the claimed error in the case before us occurred during argument, after the evidence of appellant's prior robbery by assault conviction had been properly introduced into evidence. Once the evidence of the prior conviction was introduced into evidence, a reasonable deduction can then be made therefrom. *Medina v. State,* 743 S.W.2d 950, 959 (Tex.App.— Amarillo 1983, pet. ref'd).

■■■ In order to fall within the realm of proper jury argument, the argument must encompass one of the following areas: (1) summation of the evidence presented at trial; (2) reasonable deduction drawn from the evidence; (3) answer to the opposing counsel's argument; (4) a plea for law enforcement. *Gaddis v. State,* 753 S.W.2d 396, 399 (Tex.Crim.App.1988); *Albiar v. State,* 739 S.W.2d 360, 362 (Tex.Crim.App. 1987); *Todd v. State,* 598 S.W.2d 286, 296-7 (Tex.Crim.App.1980). Further, during final argument, counsel are allowed wide latitude in drawing inferences from the evidence, provided those inferences are reasonable, fair, legitimate and offered in good faith. *Gaddis,* 753 at 398. The prosecutor's statement, *"People who didn't feel safe because they got beat up when they had their property stolen ..."* was

based upon evidence of appellant's prior robbery by assault conviction which was clearly inside the record. We find the prosecutor's reference to people who "got beat up" to be a reasonable and legitimate deduction from the evidence of appellant's robbery by assault conviction. Appellant's point of error one is overruled.

■■■ In his second point of error, appellant argues that the prosecutor's argument improperly invited the jury to consider parole law during punishment deliberations and thereby constituted reversible error. In the first instance, we note that appellant's complaint is not supported by a contemporaneous objection at trial. The general rule presumes that the failure to object to impermissible jury argument waives any error on appeal. TEX.R.APP.P. 52(a); *Romo v. State,* 631 S.W.2d 515 (Tex. Crim.App.1982). There is an exception to the waiver rule where the State's argument is so egregiously prejudicial that no instruction to disregard could possibly cure the harm. *Losanda v. State,* 721 S.W.2d 305 (Tex.Crim.App.1986). We find in the instant case that the prosecutor's comments did not have such a prejudicial effect that they could not have been cured by an instruction to disregard. Nevertheless, we will address appellant's complaint as to the alleged improper jury argument of the prosecutor on the merits. In support of his argument, appellant points to the prosecutor's repeat references to the fact that appellant had previously received a life sentence for a 1976 conviction for burglary of a motor vehicle and 13 years later committed the exact same offense which sent him to the penitentiary. Appellant refers this court to multiple comments in the record where the prosecutor virtually tells the jury that a life sentence for this appellant means, in effect, 13 years. The following excerpts are typical of the complained of comments:

> *I can see in many of you, I think your minds saying well, if only 13 years ago if he was given a life sentence what good is it going to give (sic) him one now?*

*... Then on April 10, 1976, he again committed the offense of burglary of a motor vehicle. And in October of 1976, his punishment was assessed by a jury at life. Then a mere 13 years later, did he learn? Was he rehabilitated? Was he deterred? No. What did he do? He went out there an (sic) he broke into Mr. Fonseca's car and he stole that black box. Well, you know, in a way he's right. Maybe it's not that heinous a crime to steal a black box from a car. Maybe we should just let him go and say, Mr. Bowman, we are going to give you that second chance again for the fifth time and we're going to give you minimum ...*

*... I ask you to take into consideration not only the facts in this case but also the facts of Mr. Bowman's life. As represented in these four documents. He spent much of his adult life in the penitentiary. He was sentenced to life in 1976, 13 years later he committed the exact same offense that sent him to the penitentiary. Maybe life isn't enough, but its all we got. It's all we can give him.*

Appellant cites *Clark v. State*, 643 S.W.2d 723, 725 (Tex.Crim.App.1983) to support his position that the State's introduction of pen packets is authorized for the limited purpose of establishing appellant's prior record. In *Clark*, the court of criminal appeals observed: "Although the State is correct in noting that the prison records were in evidence, the records were introduced solely for the purpose of establishing appellant's prior record. The records were not and could not be introduced for the purpose of showing the jury how the parole laws operate ..." *Clark*, 643 at 725.

In its brief, the State does not dispute *Clark's* proposition that a prosecutorial argument is impermissible when it discusses parole law. The State distinguishes *Clark* by noting what appellant, himself, concedes, namely, that *Clark* contained express references to parole law whereas, in the case before us, there is no express

reference to the parole laws. The State further distinguishes *Clark* by asserting that the prosecutor's argument in the instant case merely indicated time between convictions as evidenced by appellant's pen packet previously introduced into evidence. We agree.

■ We reiterate that the general areas of jury argument, within which all proper arguments must fall, are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex.Crim.App.1980) Even where argument is impermissible, it is not reversible unless, in light of the record as a whole, the argument is manifestly improper, violative of a mandatory statute, or injects new facts, harmful to the accused, into the trial proceeding. *Todd*, 598 S.W.2d at 297.

The argument in question was not so manifestly improper as to deprive appellant of a fair and impartial trial. We find the comments complained of to be reasonable deductions from the evidence contained in appellant's pen packet. Appellant's point of error two is overruled.

■ In his third point of error, appellant complains that the State jeopardized his presumption of innocence by voir diring the jury panel as to the range of punishment applicable in an habitual offender case. Initially, we observe that appellant has failed to preserve error by interposing at trial an objection to the complained of voir dire. *Armstrong v. State*, 718 S.W.2d 686, 699 (Tex.Crim.App.1985). We will nonetheless address appellant's third point of error on the merits.

The complained of language is as follows:

*If after the presentation of the evidence the jury in this case who is electing punishment finds that the defendant has been convicted of one previous felony, it changes the range of punishment. The range of punishment 2 years in the*

*penitentiary to 20 years in the penitentiary and a fine not to exceed $10,000.*

\* \* \* \* \* \*

*Finally, if the jury were to determine that the defendant has been convicted of two previous felonies, the second felony being committed after the first conviction was final. So in other words, they committed a felony, was found guilty. The conviction final. They committed another felony found guilty and committed the felony [sic]. Now on trial for called the habitual criminal and changes the ranges, prior ranges to not less than 25 years no more than 99 years or of life in the Texas Department of Corrections [sic].*

■ On appeal, appellant asserts an utter lack of effort by the prosecutor to inform the jury that he was referencing the range of punishment in a "hypothetical case" where prior convictions alleged in enhancement paragraphs are proven and *not* the range of punishment applicable to the *appellant.* Appellant does acknowledges that under both statutory and case law it is not error to voir dire the jury as to the applicable range of punishment in order to intelligently exercise peremptory challenges and challenges for cause. *Belvill v. State,* 573 S.W.2d 781 (Tex.Crim.App.1978); *Martinez v. State,* 588 S.W.2d 954 (Tex. Crim.App.1979); TEX.CODE CRIM.PROC ANN. Art. 35.16(b)(3) and (c)(2). (Vernon 1989).

■ However, appellant further argues, by way of Justice Akins' dissent in *Felton v. State,* 659 S.W.2d 482 (Tex.App. —Dallas 1983, rev. ref'd) that: "The first rule is that it is the prerogative of both parties to examine the juror on the full range of applicable punishments. The second rule is that an individual's past felony record should not be placed before the jury until it becomes relevant during the punishment phase ... *Thus, I read* Belvill *and* Martinez *to adhere to the first rule of fully informing the jury of the applicable range of punishment, without jeopardizing the second rule which seeks to pre-* serve the presumption of innocence. This result may be accomplished by reading Belvill *and* Martinez *narrowly* ..." 659 at 488. (emphasis appellant's). Naturally, this court does not disagree with Justice Akins' dissenting opinion to the extent that full disclosure should be made to the jury panel on the applicable range of punishment without violating a defendant's constitutionally protected presumption of innocence.

■ Appellant submits that the voir dire in the instant case had the effect of informing the jury that this appellant had a prior record. Appellant emphasizes that the prosecutor's statement made reference not to "a" defendant, but rather to "the" defendant. As mentioned previously, appellant failed to preserve error for appellate review by registering a timely and specific objection. *Armstrong,* 718 at 699 (Tex.Crim.App.1985). However, had the defense counsel so objected, then an instruction to make reference to "a" defendant rather than to "the" defendant would have cured any error. Appellant's third point of error is overruled. Accordingly, we affirm the judgment of the trial court.