Johnny E. CHOICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 085–91.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 20, 1991.

Fred Tinsley, Dallas, for appellant.

John Vance, Dist. Atty., and Carolyn Fitz–Gerald Levin, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

The trial court found appellant guilty of escape and set punishment, enhanced by two prior convictions, at confinement for twenty-five years. The Court of Appeals affirmed. *Choice v. State*, No. 05–89–01438–CR (Tex.App.—Dallas, delivered De-

cember 10, 1990) (Not Published). We granted the petition for discretionary review to determine if the evidence was sufficient to show appellant's violation of his "pre-parole" release constituted the offense of escape. We will affirm.

The Court of Appeals set out the facts as follows:

Choice was convicted in 1987 of burglary of a habitation and sentenced to eighteen years' confinement. After spending a little over two years in the penitentiary, Choice was released under certain pre-parole conditions, which included being an inmate in his home, not leaving his residence at certain times, and being under electronic monitoring to confirm his compliance. Choice violated the provisions several times, and the Department of Pardons and Paroles placed him on twenty-four-hour home curfew. On June 24, 1988, Choice was supposed to remain in his home at all times. That day, Choice left his apartment and, according to his testimony, stayed within approximately one hundred feet of the apartment. Ron Session, the parole officer monitoring Choice's compliance, was notified of Choice's violation. When the parole officer arrived at the residence, he found that Choice had returned. Choice testified and admitted that he had left the apartment that day while under twenty-four-hour curfew. Instead of revoking Choice's eligibility for the pre-parole release program and returning him to the penitentiary, the State charged Choice with felony escape. Because of two prior felony convictions, the minimum sentence was twenty-five years.

Id. at 2.

In 1989 the Legislature amended Tex. Gov't Code Ann. § 498.002, by adding § 2(a):

The board may assume custody of an eligible inmate not more than 180 days before the eligible inmate's presumptive parole date. The eligible inmate becomes a pre-parolee on the date the board assumes custody, and the board immediately shall transfer the pre-parolee to a community residential facility. Except as otherwise provided by this article, the pre-parolee may serve the remainder of his sentence prior to release on parole in the facility designated by the board.

The 71st Legislature also added a subsection "c" to Tex.Gov't Code Ann. § 498.002:

If a pre-parolee is transferred from *pre-parole status to parole status* he shall receive the amount of money to which he is entitled under Section 1, Chapter 104, Acts of the 43rd Legislature, 1st Called Session, 1933 (Article 6166m, Vernon's Texas Civil Statutes). [Emphasis added.]

It is obvious from the quoted provisions that the Legislature intended that pre-parole status be different from parole status, notwithstanding that inmates in each of the categories would be serving their sentences outside the physical custody of the Institutional Division of the Department of Criminal Justice.[1] A comparison of the sections relating to pre-parole status with those relating to parole status reveals one major difference: one need not be statutorily eligible for release on parole to be released on pre-parole status whereas the legislature has seen fit to set specific standards required for parole release.[2]

The Penal Code defines escape:

"Escape" means unauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period, but does not include a violation of conditions of probation or parole.

Tex.Penal Code Ann. § 38.01(3). The statutes relating to pre-parole status plainly state that a person transferred to such status, while in the custody of the Texas

---

1. "'Parole' means the conditional release of an eligible prisoner from the physical custody of the institutional division of the Texas Department of Criminal Justice to serve the remainder of his sentence under the supervision and con-

trol of the board." Tex.Code Crim.Proc.Ann. art. 42.18, § 2(1).

2. See generally Tex.Code Crim.Proc.Ann. art. 42.18, § 8.

**866**

Department of Criminal Justice, Board of Pardons and Paroles Division and not confined within the prison, is not on parole.

The judgments of the trial court and Court of Appeals are affirmed.