Prince Warren STONE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 09–91–277 CR, 09–91–278 CR.

Court of Appeals of Texas,
Beaumont.

Feb. 16, 1994.

Discretionary Review Refused
May 18, 1994.

Michael A. McDougal, Conroe, for appellant.

Daniel Rice, Dist. Atty., Kathleen Hamilton, Michael R. Davis, Asst. Dist. Attys., Conroe, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

**OPINION**

WALKER, Chief Justice.

In a single trial proceeding, a jury convicted appellant of two separately indicted felony offenses, to-wit: Retaliation and Burglary of a Habitation. For the Retaliation offense, the jury assessed appellant's punishment at

ten (10) years' confinement in the Texas Department of Criminal Justice, Institutional Division, with an additional fine of $5,000. For the Burglary offense, the jury assessed appellant's punishment at twenty-seven (27) years' confinement in the TDCJID. The trial court ordered the sentences to run concurrently. Because appellant's original appellate counsel was disbarred from the practice of law, this Court abated the appeal and ordered the trial court to appoint new appellate counsel. Both disbarred counsel and present appellate counsel filed briefs with this Court, with present counsel adopting the points of error and argument of the brief of disbarred counsel.

Appellant's initial brief contained two points of error with the first point of error alleging ineffective assistance of trial counsel, and the second point of error complaining of the improper admission of unadjudicated offenses during the punishment phase of the trial. Present appellate counsel's brief separates the ineffective assistance allegation into two separate points of error basing point of error one on relief provided in the United States Constitution, and basing point of error two on relief provided in the Texas Constitution. Present counsel also complains of the improper admission of extraneous offenses in the punishment phase.

■■■ We will address appellant's first two points of error concerning ineffective assistance of counsel together as Texas' constitutional and statutory provisions regarding ineffective assistance cases are not *more* protective of a defendant's rights than the standard put forth under the United States's Constitution as interpreted in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). *Strickland* is the seminal case with regard to ineffective assistance claims. To support a claim of ineffective assistance of counsel, an appellant must prove: 1) that counsel's performance was deficient, and 2) this deficient performance prejudiced his defense. Absent *both* showings, we cannot conclude that an appellant's conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Strickland*, 466 U.S. at

687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Significant to our analysis of the instant case is the holding in *Strickland* that an appellant's failure to prove the prejudice component (the second prong) negates the need for the reviewing court to address the question of counsel's performance (the first prong). *Id.*, 466 U.S. at 697, 104 S.Ct. at 2069–70, 80 L.Ed.2d at 699; *Gamboa v. State*, 822 S.W.2d 328, 330 (Tex.App.—Beaumont 1992, pet. ref'd).

In the instant case, neither former nor present appellate counsel attempts a discussion as to how any of the "deficiencies" allegedly committed by trial counsel raises "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. In fact while both appellate briefs list several instances of "deficient performance" by trial counsel in failing to check out or follow up on leads or advice supposedly provided by appellant, the record is completely devoid of *evidence* in the form of sworn testimony or properly admitted documents that would suggest what, if any, information was provided to trial counsel by appellant. The record indicates that neither former nor present appellate counsel filed a motion for new trial in which an evidentiary hearing could have provided this Court with evidence of deficient conduct on the part of trial counsel. *See*, Tex.R.App.P. 30 & 31. At any rate, regardless of how thorough appellant could have been in providing us with factual evidence from which to consider the "deficiency" prong, without any serious discussion that but for the alleged deficiencies, a reasonable probability existed that appellant would have been acquitted in one or both cases, appellant's burden of proving ineffective assistance has not been met. Points of error one and two are overruled.

■■■ Appellant's third point of error complains of the admission of unadjudicated extraneous offenses during the punishment phase of the trial. The record reflects that the punishment phase of the trial took place on November 15, 1991. At that point in time, there was a split of authority among the intermediate appellate courts in Texas as

to the admissibility of unadjudicated extraneous misconduct under TEX.CODE CRIM.PROC. ANN. art. 37.07, sec. 3(a) (Vernon Supp. 1993).[1] On October 28, 1992, the Court of Criminal Appeals settled the matter with their decision in *Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Crim.App.1992). The essential holding in *Grunsfeld* was that in noncapital cases, even if deemed relevant to sentencing by the trial court, evidence is not admissible at punishment, unless 1) it is permitted by the Rules of Evidence, and 2) if the evidence sought to be admitted is evidence of an extraneous offense, said evidence must satisfy article 37.07, sec. 3(a)'s definition of "prior criminal record." *Id.* at 523. Article 37.07, sec. 3(a) defined the term "prior criminal record" as "a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

In the instant case, the testimony of the State's first punishment witness alleged that appellant committed numerous unadjudicated burglaries, that appellant both possessed and sold cocaine and marijuana, that appellant smoked marijuana in front of children, and that appellant committed several assaultive offenses against the witness during their marriage. As none of these allegations meet the definition of "prior criminal record," it was error to admit said evidence over appellant's timely objection.

The State's position is that even if error occurred, no harm to appellant occurred as 1) the State properly introduced a penitentiary packet containing appellant's 1987 conviction for burglary of a building, 2) the jury heard "damaging testimony of every witness Appellant called on his own behalf. . . . Every one of these close family members testified to the Appellant's drug problems and to the time he had spent in prison[,]" and 3) the jury's assessment of ten years for the Retaliation offense was what appellant asked for, and the twenty-seven year confinement for the Burglary was "roughly midway between the suggested sentences of the Appellant and the State, and far short of the maximum available sentences of either ninety-nine (99) years or life[.]"

 Upon our finding of trial error, TEX.R.APP.P. 81(b)(2) requires that we reverse the judgment unless we can determine beyond a reasonable doubt that the error made no contribution to the punishment. We look to *Grunsfeld,* and its companion case of *Hunter v. State,* for the following instructive language in their Rule 81(b)(2) analysis:

> The evidence admitted in both cases implicated appellants in offenses which were very similar in detail to the subject offenses. In light of its highly prejudicial nature, we cannot say beyond a reasonable doubt that the admission of the evidence by the trial courts did not contribute to the punishment of appellants.

843 S.W.2d at 526.

In the instant case, evidence of prior unadjudicated burglaries and the laundry list of other offenses and bad acts, including violence perpetrated against the complaining witness, all of which was explicitly held to be inadmissible under *Grunsfeld,* results in our being unable to say that, beyond a reasonable doubt, said evidence made *no* contribution to appellant's punishment. Point of error three is sustained.

For reasons stated herein, we reverse those portions of the trial court's judgments which impose the respective punishments, and we remand both causes to the trial court for a new punishment hearing only. TEX. CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1994).[2]

REVERSED AND REMANDED.

---

1. Significant revision of section 3(a) of article 37.07 took effect September 1, 1993; *see* TEX. CODE CRIM.PROC.ANN. art. 37.07, sec. 3(a) (Vernon Supp.1994). Acts 1993, 73rd Leg., R.S., ch. 900, § 5.05, 1993 Tex.Gen.Laws 3586, 3759.

2. We note the fact that for offenses committed on or after September 1, 1993, the newly amended section 3(a) of article 37.07 will apparently be the basis for admissibility of any unadjudicated "extraneous crime or bad act." Said amend-

ment predicates admissibility of such extraneous misconduct as may be "shown beyond a reasonable doubt by evidence to have been committed by the defendant...." QUERY: Will not the State have to conduct a mini-trial for every unadjudicated extraneous crime and/or bad act it wants the jury to be aware of; *see*, TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 3(g) (Vernon Supp. 1994); and if so, will not the jury have to be provided with a full set of instructions, including appropriate "application paragraphs" and verdict forms for each admitted unadjudicated extraneous crime and/or bad act? *See*, TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 3(b) (Vernon 1981).