John Fitzgerald SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–94–216CR.

Court of Appeals of Texas,
Beaumont.

Submitted May 23, 1996.

Decided Aug. 28, 1996.

Discretionary Review Refused Oct. 23, 1996.

James A. DeLee, Port Arthur, for appellant.

Tom Maness, Criminal District Attorney, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Judge.

Appellant was found guilty by a jury of aggravated robbery. Appellant subsequently pled "true" to the enhancement paragraphs contained in the indictment. The jury assessed punishment at fifty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely perfected this appeal.

■ Points of error one and two challenge the admissibility of the in-court identification of appellant by the victim, Kamal Hammad, and a witness, Ivan Hunter. Several days after the robbery, both were shown a photographic spread containing appellant's photograph. Each identified appellant in less than a minute. Both testified the robber was wearing a red jacket; Hunter specified the jacket had a hood. Because appellant was wearing a red, hooded sweatshirt in the photograph used in the spread, appellant contends the photographic spread was so impermissibly suggestive as to make the in-court identification unreliable, and therefore inadmissible.

[T]he United States Supreme Court has held that a pre-trial identification procedure may be so suggestive and conducive to mistaken identification that subsequent use of that identification at trial would deny the accused due process of law. Hence, the Court formulated a two step analysis to determine the admissibility of an in-court identification: 1) whether the out-of-court identification procedure was impermissibly suggestive; and 2) whether that suggestive procedure gave rise to a very substantial likelihood of irreparable misidentification. An analysis under these steps requires an examination of the "totality of the circumstances" surrounding the particular case and a determination of the reliability of the identification.

*Barley v. State,* 906 S.W.2d 27, 32–33 (Tex. Crim.App.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1271, 134 L.Ed.2d 217 (1996). (citations omitted)

■ Turning to the first prong of the analysis, "[s]uggestiveness may be created by the manner in which the pre-trial identification procedure is conducted ... [or] by the content of the line-up or photo array itself if the suspect is the only individual closely resembling the pre-procedure description." *Id.* at 33. The complained of photographic array consists of photos of five black males with similar facial features, skin color, mustaches and hair cuts. All are dressed in street clothes. The fact that appellant was wearing apparel similar to that worn by the robber is not necessarily impermissibly suggestive. *See Harris v. State,* 827 S.W.2d 949, 960 (Tex.Crim.App.), *cert. denied,* 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). However, as it is somewhat suggestive, in an abundance of caution we will address the second prong, whether the procedure gave rise to a very substantial likelihood of irreparable misidentification.

■ In analyzing the second prong, five factors are considered: "1) the witness' opportunity to view the criminal act, 2) the witness' degree of attention, 3) the accuracy of the suspect's description, 4) the level of certainty at the time of confrontation, and 5)

the time between the crime and confrontation." *Barley,* 906 S.W.2d at 34–35. With regard to the present case, Hammad testified appellant placed a gun to his chest and demanded money. Thus appellant was only arm's length from Hammad giving him a full frontal view. Hunter saw appellant as both entered the store and watched him commit the robbery once they were inside. Additionally, both Hammad and Hunter were more than just casual observers of the crime and therefore had more reason to be attentive. Hammad was the victim of the crime and directly threatened by appellant at close range. Hunter was in the store with appellant and saw him take out a gun and threaten to use it.

The time between the crime and confrontation was only a few days and both quickly and confidently identified appellant as the robber. Neither mentioned his clothing in doing so. Both testified their in-court identification was based solely on what they had observed at the scene. Weighing this reliability against the modest suggestiveness of the photographic array leads us to conclude that no substantial risk of irreparable misidentification was created so as to deny appellant due process and that the testimony was properly allowed before the jury. Points of error one and two are overruled.

■ In his third point of error, appellant contends the trial court committed reversible error by allowing the State to introduce evidence of the details of a prior conviction during the punishment stage of the trial, over appellant's objection. At the punishment phase, appellant pled true to allegations in the indictment of two prior convictions (both for robbery). The State then called one witness, Dorothy Butchee, the victim of one of the prior convictions.

(By [the State])

Q Ms. Butchee, I want to take you back to August the 6th of 1988. Okay?

A Okay.

Q Where were you about 7:00 o'clock at night? [1]

[DEFENSE COUNSEL]: Your Honor, I would object to any testimony because this is going behind one of the convictions that the defendant has already pled true to in the enhancement counts; and such evidence or expansion or going behind the judgment is inadmissible.

THE COURT: Objection overruled.

The State went on to question Ms. Butchee about the details of the robbery.

■ The State first argues appellant's objection failed to preserve error, citing *Ethington v. State,* 819 S.W.2d 854 (Tex. Crim.App.1991) and TEX.R.CRIM. EVID. 103. Generally, a sufficient objection need only be specific enough to apprise the trial judge of the complaint. *Young v. State,* 826 S.W.2d 141, 150 (Tex.Crim.App.1991) (opinion on rehearing). "It is only when the nature of a defendant's complaint is unclear that we should consider his objection waived." *Ex parte Little,* 887 S.W.2d 62, 66 (Tex.Crim. App.1994) citing *Lankston v. State,* 827 S.W.2d 907, 909 (Tex.Crim.App.1992). The court in *Lankston* criticized those cases which "take a more slavish and unforgiving approach" and held reviewing courts should reach the merits of appellate complaints unless it appears from the context a party failed effectively to communicate his desire. *Id.* at 908–909.

From our review of the record it does not appear appellant "failed effectively to communicate his desire". The State appears to be advocating the "slavish and unforgiving approach" condemned by the court in *Lankston.* We find the objection sufficient to convey appellant's complaint to the trial court; error was properly preserved and we will address the merits of appellant's final point of error.

■ Appellant argues that while the fact of his prior conviction was admissible, under art. 37.07 § 3(a) of the Texas Code of Criminal Procedure the trial court erred in allowing the State to introduce details of the offense over appellant's objection. We agree. The Court of Criminal Appeals held in *Johnson v. State,* 650 S.W.2d 784, 792 (Tex.Crim.App.1983) "[i]t is well settled that Art. 37.07, Sec. 3(a), V.A.C.C.P., limits the

---

**1.** The State's brief incorrectly quotes this excerpt from the statement of facts.

introduction of a prior criminal record to the fact of conviction and does not permit the State to show the details of the offense." Under the version of art. 37.07 § 3(a) in effect on the date of offense, TEX.CODE CRIM. PROC. ANN. art. 37.03 § 3(a) (Vernon 1981 & Supp 1993), "the State is not allowed to elicit details of an offense for which a defendant has been previously convicted...." *Williams v. State,* 906 S.W.2d 58, 63 (Tex. App.—Tyler 1995, pet. ref'd). We find the trial court erred in allowing the testimony.

When error is revealed in the proceedings below, we must conduct a harm analysis pursuant to TEX.R.APP. P. 81(b)(2). Unless it can be determined beyond a reasonable doubt the error made no contribution to the punishment, the judgment must be reversed. *Miles v. State,* 918 S.W.2d 511, 516 (Tex.Crim.App.1996); *See also Stone v. State,* 870 S.W.2d 692, 694 (Tex.App.—Beaumont 1994, pet. ref'd). In *Grunsfeld* and its companion case *Hunter v. State,* the court, in their Rule 81(b)(2) analysis, found:

> The evidence admitted in both cases implicated appellants in offenses which were very similar in detail to the subject offenses. In light of its highly prejudicial nature, we cannot say beyond a reasonable doubt that the admission of the evidence by the trial courts did not contribute to the punishment....

*Grunsfeld v. State,* 843 S.W.2d 521, 526 (Tex. Crim.App.1992).

In the present case, the prior offense was robbery as is the subject offense. Furthermore, during final punishment argument, the State frequently mentioned the prior offense involving Ms. Butchee. *Green v. State,* 876 S.W.2d 226, 230 (Tex.App.—Beaumont 1994, no pet.). "If the court rules that an error is harmless it is in essence asserting that the nature of the error is such that it could not have affected the jury." *Miles,* 918 S.W.2d at 517. The evidence of details of the prior conviction, held inadmissible under TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a) by the Court of Criminal Appeals in *Johnson, supra,* results in our being unable to say, beyond a reasonable doubt, said evidence made no contribution to appellant's punishment.

Point of error three is sustained as to the punishment phase of the trial.

The judgment of the trial court is affirmed in part; reversed and remanded for a new hearing on punishment only. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp. 1996).

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.