Opinion issued February 16, 2006














In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00997-CR
____________

SAM GRADY KILGORE, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 122nd District Court
Galveston County, Texas
Case No. 02CR2422
 

 
 
MEMORANDUM OPINION
A jury found appellant, Sam Grady Kilgore, guilty of the offense of murder



and, after appellant pleaded true to the allegation in one enhancement paragraph that
he had a prior felony conviction, assessed his punishment at confinement for 38 years. 
In his sole issue, appellant contends that the trial court erred in admitting evidence
of the details of an extraneous offense during the punishment phase of the trial. We
affirm.
Factual and Procedural Background
          During the guilt phase of trial, Galveston Police Sergeant Carmen Ochoa
testified that appellant’s fingerprints matched those on three “pen packets” admitted
into evidence. Ochoa explained that the packets contained signed and notarized court
documents completed when a person waives a jury trial and pleads guilty or nolo
contendere to an offense. The documents reflected that appellant had two prior
convictions for the offense of attempted capital murder and one prior conviction for
the offense of burglary of a building. 
          During cross-examination, Ochoa acknowledged that the three convictions
occurred on the same date and stemmed from a single incident. Ochoa also
acknowledged that the judgments reflected an affirmative finding that appellant had
used a deadly weapon, namely a shotgun, during the commission of the offenses. 
Appellant’s trial counsel then asked Ochoa if she was aware “that only one victim
was struck in that crime by one BB in the leg, one shotgun BB in the leg[.]” Ochoa
responded by stating that she did not know all of the details of the incident. 
          At the punishment phase of appellant’s trial, the State again introduced the
packets. The State then sought to offer the testimony of Pamela White and Ruben
Minjares regarding the extraneous offenses. Appellant objected, asserting that
White’s and Minjares’s testimony was “purely in the nature of victim impact
testimony on an extraneous offense in punishment” and, thus, it was irrelevant and
inadmissible. The State argued that the testimony was admissible because the
witnesses would not be asked victim impact questions but would be questioned only
regarding “what happened.” Moreover, the State argued that appellant’s counsel had
“opened the door” by attempting to minimize the offense through cross-examination
of Ochoa during the guilt phase of appellant’s trial. The trial court ultimately ruled
that it would sustain the objection based upon victim impact testimony but would
allow the State to “briefly respond to issues that were raised by [appellant].” 
          Pamela White, a manager at the Ready Cash Pawn Shop, testified that on
August 14, 1991, at about 3:30 a.m., an alarm company called her at her residence to
inform her that an alarm was going off at the pawn shop. White rushed to the pawn
shop to disarm what she believed to be a false alarm. Once inside the shop, appellant
confronted White and pointed a shotgun at her. Appellant fired his shotgun three
times at White and co-manager Ruben Minjares as they attempted to flee the shop,
breaking the glass on the front doors of the building. White explained that she “got
one of the pellets from the shotgun in the back of [her] leg and had cuts all over [her]
body, [her] legs, and [her] hands, from going through the glass.”
          Ruben Minjares, White’s fiancé and a pawn broker for Ready Cash, testified
that he had accompanied White to the pawn shop on that night. Minjares’s testimony
essentially corroborated White’s testimony. 
Standard of Review 
          A trial court has broad discretion in determining the admissibility of evidence
presented at the punishment phase of trial. Henderson v. State, 29 S.W.3d 616, 626
(Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). Evidence may be offered by the
State and the defendant “as to any matter the court deems relevant to sentencing,”
including evidence of other crimes or bad acts. Tex. Code Crim. Proc. Ann. art.
37.07 § 3(a)(1) (Vernon Supp. 2005); Flores v. State, 125 S.W.3d 744, 746 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). Even relevant evidence, however, may be
excluded if its probative value is substantially outweighed by the danger of unfair
prejudice. Tex. R. Evid. 403. As used in rule 403, “unfair prejudice” means the
undue tendency of the evidence to suggest a decision on an improper basis. Flores,
125 S.W.3d at 746. We will not disturb a trial court’s determination regarding the
admissibility of relevant evidence unless an abuse of discretion has been shown. Id. 
Punishment Evidence
          Appellant contends that the State should not have been permitted “to show
details of the offense” or “allude to or in any way bring before the jury the facts
surrounding the prior conviction.”
          In support of his argument, appellant relies on Johnson v. State, 650 S.W.2d
784 (Tex. Crim. App. 1983). In Johnson, the Court of Criminal Appeals stated “[i]t
is well settled that [section 3(a) of article 37.07] limits the introduction of a prior
criminal record to the fact of conviction and does not permit the State to show the
details of the offense.” Id. at 792. However, Johnson no longer reflects the current
version of article 37.07. In 1993, section 3(a) was amended to provide for the
admissibility of a much wider range of evidence for the purposes of assessing
punishment. See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 5.05, 1993 Tex.
Gen. Laws 3759 (current version at Tex. Code Crim. Proc. Ann. art. 37.07, §
3(a)(1) (Vernon Supp. 2005); Haney v. State, 951 S.W.2d 551, 554 (Tex.
App.—Waco 1997, no pet.). The law now specifically allows the details of prior
offenses, both those resulting in criminal conviction and those defined only as “bad
acts,” to be admitted during punishment and provides a trial court with broad
discretion in admitting whatever evidence it deems relevant to sentencing. Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a)(1); Davis v. State, 968 S.W.2d 368, 372
(Tex. Crim. App. 1998). Here, since appellant committed the charged offense on
October 21, 2002, the amended version of section 3(a)(1) of article 37.07 controls and
Johnson is inapplicable. See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 5.05,
1993 Tex. Gen. Laws 3759 (amended 2001) (stating amendment to be effective
September 1, 1993). Accordingly, the trial court had the discretion to allow any
evidence relevant to sentencing during the punishment phase of appellant’s trial. 
          As noted, “relevant evidence [at the punishment hearing] is that which assists
the fact finder in determining the appropriate sentence given the particular defendant
in the circumstances presented.” Davis v. State, 68 S.W.3d 273, 282–83 (Tex.
App.—Dallas 2002, pet. ref’d). “[R]elevant evidence includes, inter alia, the
defendant’s prior criminal record and evidence of an extraneous crime or bad act
proven beyond a reasonable doubt.” Haney, 951 S.W. at 554 (citing Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a)). By allowing the State to present extraneous
offense evidence, jurors learn information that is useful in deciding the most
appropriate punishment under the circumstances. Haney, 951 S.W.2d at 555. 
          In this case, the facts surrounding appellant’s previous convictions were
relevant to assist the jury in determining the appropriate punishment of appellant for
the offense in the instant case, murder. See e.g., Davis, 68 S.W.3d at 283 (upholding
admission of details of prior murder conviction used for enhancement purposes
because it was “extremely instructive concerning appellant’s character” and helped
to “aid the trial court in setting punishment”). Here, White’s and Minjares’s
testimony supplemented and clarified evidence presented at trial. Moreover,
appellant has not argued that the probative value of White’s and Minjares’s testimony
during the punishment phase was substantially outweighed by the danger of unfair
prejudice. See Tex. R. Evid. 403. The 1993 amendment to article 37.07 is a clear
expression of legislative intent that the fact finder should have, in addition to judicial
records, any other evidence of a defendant’s crimes. Davis, 968 S.W.2d at 372. 
“This language certainly includes other evidence of crimes to which a defendant had
pleaded guilty or nolo contendere.” Id. 
          Accordingly, we hold that the trial court did not abuse its discretion in
admitting evidence of the details of the extraneous offense during the punishment
phase of trial.
          We overrule appellant’s sole issue. 
 
 
 
Conclusion
          We affirm the judgment of the trial court. 
 
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).