**Danny Lee HANEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–97–005–CR.**

Court of Appeals of Texas,
Waco.

Sept. 10, 1997.

Gell R. Kingery, Waco, for appellant.

John W. Segrest, Criminal District Attorney, Mike Freeman, Assistant District Attorney, Waco, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Danny Lee Haney appeals his conviction for murder. *See* TEX. PEN.CODE ANN. § 19.02 (Vernon 1994). The jury found Haney guilty of murder and sentenced him to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PEN.CODE ANN. § 12.32 (Vernon 1994). The jurors also fined Haney $10,000 as part of his punishment. *Id.* Haney brings two points of error alleging that the trial court erred in: (1) overruling his objection to the phrasing of the accomplice witness instruction in the trial court's charge and (2) allowing the State to go into the details of a prior conviction for assault during the punishment phase of the trial.

## I. Factual Background

On March 3, 1996, four men were gathered inside an apartment when Danny Lee Haney knocked on the window. Immediately after being let inside Haney began challenging the men by asking if they "had a problem with him," apparently seeking to provoke a fight. Then Haney turned his attention specifically toward Garry Brinegar. After Haney asked whether Brinegar knew him, and Brinegar responded that he did not know who Haney was, Haney began punching Brinegar in the face. This led to an initial struggle where Brinegar got Haney into a head-lock on the floor and refused to let go until Haney calmed down, which Haney did not do. Instead Haney ordered one of the other men in the room to kick Brinegar in the head, allowing Haney to get free.

Soon after this initial fight ended, Haney and Brinegar began a series of confrontations which became more violent as their fighting continued. Generally a fight would begin as Haney verbally or physically attacked Brinegar, and then during the struggle Haney would order the other men to hit or kick Brinegar to assist him in the conflict. As the fighting escalated, Haney rammed Brinegar with the apartment's coffee table, then threw the table to the ground and broke off one of its legs. Using this table leg as a club Haney began repeatedly striking Brinegar on the head. Although Brinegar tried to retreat into the other rooms of the apartment to escape, Haney blocked any escape and continued hitting Brinegar's head with the table leg. After the beating had ceased and after Haney had washed his hands in the bathroom, Haney administered one or two final kicks to Brinegar's head as he left the apartment. On his way out Haney informed the other men in the apartment that they should tell the police several African–American men broke into the apartment and beat up Brinegar. Brinegar was taken to the hospital after Haney left, but Brinegar's skull had been fractured as a result of the beating and he died from his injuries.

## II. Points of Error

In his first point of error, Haney contends that the trial court erred in overruling his objection to the phrasing of the accomplice witness instruction in the trial court's charge. Article 38.14 of the Code of Criminal Procedure requires that the testimony of an accomplice be corroborated by other evidence connecting the defendant with the charged offense before the accomplice's testimony may be used as the basis for a conviction. TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). In determining if a witness is an accomplice, courts look at the witness' participation "before, during or after the commission of [the] crime" and if the witness can be "prosecuted for the offense with which the accused is charged." *Gamez v. State*, 737 S.W.2d 315, 322 (Tex.Crim.App. 1987). When the evidence shows that the witness is an accomplice as a matter of law, the trial court should instruct the jury of this finding. *Solis v. State*, 792 S.W.2d 95, 97 (Tex.Crim.App.1990); *Gamez*, 737 S.W.2d at 322; *Mize v. State*, 915 S.W.2d 891, 895 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). If however there is a fact question about whether or not the witness is an accomplice, the trial court should instruct the

jurors to resolve this factual issue, and if they find the witness to be an accomplice then there must be corroborating evidence connecting the defendant to the crime in order to convict. *See Albritton v. State,* 662 S.W.2d 377, 379–80 (Tex.App.—Beaumont 1983, pet. ref'd); *see also Gamez,* 737 S.W.2d at 322; *Kunkle v. State,* 771 S.W.2d 435, 439 (Tex.Crim.App.1986); *Ashford v. State,* 833 S.W.2d 660, 664 (Tex.App.—Houston [1st Dist.] 1992, no pet.).

■ Haney contends that the phrasing of the accomplice witness instruction given by the trial court improperly places the burden of proof on the defendant to show whether or not the witness was an accomplice. In the instant case the trial court's charge contained instructions that the jury should determine whether or not witnesses Lloyd Fulfer, Aaron McMahan, and Adislado Marsh were accomplices of the defendant in committing murder. These three witnesses had been in the apartment during the beating, and there was testimony that these individuals had hit or kicked the victim at Haney's request. The portion of the charge instructing the jury on the application of the accomplice witness rule to Fulfer reads:

> Now, if you believe from the evidence beyond a reasonable doubt that an offense was committed and you further believe from the evidence that the witness Lloyd Fulfer was an accomplice, or you have a reasonable doubt whether he was *or not,* as that term is defined in the foregoing instructions, then you cannot convict the defendant upon the testimony of the said Lloyd Fulfer unless ... [subsequent text explains the accomplice witness rule]. (Emphasis added).

Haney objects specifically to the use of the phrase "or not" in the instruction, claiming that this indicates to the jury that the defendant has the burden of proof on whether the witness was proved to be an accomplice of the defendant. This objection was made to each of the three identical paragraphs in the charge applying the accomplice witness rule to Fulfer, McMahan, and Marsh respectively.

■ In criminal cases the State must prove all elements of the offense beyond a reasonable doubt before a defendant may be convicted. TEX.CODE CRIM. PROC. ANN. art. 38.03 (Vernon Supp.1997). The use of instructions on conclusive or rebuttable presumptions which lessen the State's burden of proof impermissibly shift that burden onto the defendant in violation of due process. *See Francis v. Franklin,* 471 U.S. 307, 317, 105 S.Ct. 1965, 1972–73, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana,* 442 U.S. 510, 523–24, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39 (1979); *Goswick v. State,* 656 S.W.2d 68, 69–70 (Tex.Crim.App.1983). Because Haney seeks a reversal of his conviction based upon the alleged burden-shifting effect of this accomplice witness instruction, we examine this charge to determine (1) whether the trial court's charge contained error and (2) if "sufficient harm resulted from the error to require reversal." *Porter v. State,* 921 S.W.2d 553, 557 (Tex.App.—Waco 1996, no pet.).

Haney has cited no cases discussing his proposition that the "or not" language shifts the burden of proof onto the defendant, and we have found none. Thus, we must examine the text of the instruction to determine the effect of this language. The trial court's instruction informs the jury that if the jurors believe the witness was an accomplice of Haney then there must be evidence corroborating the witness' testimony. The instruction also tells the jurors that, if after looking at the evidence they have a reasonable doubt regarding whether or not the witness acted as Haney's accomplice, then corroboration is necessary. The effect of this instruction does not shift the burden of proof onto the defendant, but in fact it places the burden on the State to prove that the witness was not an accomplice. If the State failed to prove beyond a reasonable doubt that the witness was not an accomplice of Haney, then the instruction given by the trial court properly requires jurors to convict only if the witness' testimony has been corroborated by other evidence linking Haney with the crime. *See Boozer v. State,* 717 S.W.2d 608, 611 (Tex. Crim.App.1984) (when the State fails to object to the court's giving an accomplice witness instruction it bears the burden of proof on this issue). Haney's first point is overruled because we conclude the accomplice witness instruction given by the trial court

did not improperly shift the burden of proof onto the defendant.

■ In his second point of error, Haney claims that the trial court erred in allowing the State to present testimony describing the factual details surrounding one of Haney's prior convictions for assault when he had already stipulated that the conviction had occurred. During the punishment phase of the trial Haney stipulated to his prior criminal record consisting of five prior convictions for: unauthorized use of a motor vehicle, theft, unlawfully carrying a weapon, and two convictions for assault. The judgment for each of these offenses was introduced into evidence. Then the State called Matthew Hammond to testify that one of Haney's assault convictions resulted from an attack in which Haney began hitting Hammond without provocation and included hitting him over the head with a hot iron. Haney objected to this evidence asserting that it was "reversible error to go into the details of any prior conviction that has been admitted in the ... punishment phase," but this objection was overruled.

On appeal Haney contends that information about a defendant's prior criminal record should be limited to introducing evidence of a final conviction without any factual details about the prior offense. Haney believes that details about past acts may only be introduced when the State seeks to prove an *unadjudicated* crime or bad act.

Cases interpreting prior versions of section 3(a) of article 37.07 of the Code of Criminal Procedure hold that details about a prior criminal act, which resulted in a final conviction, are inadmissible in the punishment phase of a later trial. *See Smith v. State,* 930 S.W.2d 227, 229-30 (Tex.App.—Beau-

mont 1996, pet. ref'd); *see also* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.1997); *Johnson v. State,* 650 S.W.2d 784, 792 (Tex.Crim.App.1983); *Walker v. State,* 610 S.W.2d 481, 483 (Tex.Crim.App. 1980). However, after the Court of Criminal Appeals' decision in *Grunsfeld v. State,*[1] the legislature amended section 3(a).

The legislature provided in section 3(a) that either the State or the defendant may offer evidence of "any matter the court deems relevant to sentencing." TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a). The statute does not limit what evidence a trial judge might consider relevant,[2] but specifies that relevant evidence at sentencing includes, *inter alia,* the defendant's prior criminal record and evidence of an extraneous crime or bad act proven beyond a reasonable doubt. *Id.* While it could be argued that the details about a past conviction are part of the defendant's "prior criminal record" because the legislature deleted the definition of this term when it amended 37.07,[3] we believe the better approach is to treat the details surrounding a prior conviction as an extraneous crime or bad act which must be proved to the jury beyond a reasonable doubt.

■ By its own terms section 3(a) of article 37.07 is not limited to extraneous crimes or acts which are unadjudicated. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a). The text says that evidence about the defendant's bad acts is admissible "regardless of whether he has previously been charged with or finally convicted of the crime or bad act." *Id.* Thus, the fact that the defendant was actually convicted of the extraneous crime does not prevent the prosecution from proving beyond a reasonable doubt what that prior offense involved factually. The Court

1. *Grunsfeld v. State,* 843 S.W.2d 521 (Tex.Crim. App.1992), held that during the punishment phase of the trial an extraneous unadjudicated offense could not be admitted as relevant evidence because it was not part of a defendant's prior criminal record, nor was it admissible under the Rules of Evidence.

2. Rule 401 of the Rules of Criminal Evidence provides that relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than

it would be without the evidence." TEX.R.CRIM. EVID. 401.

3. The former statute defined a defendant's prior criminal record as "a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the *offense charged.*" *See* Act of May 29, 1967, 60th Leg., R.S., ch. 659, § 22, 1967 Tex. Gen. Laws 1739, 1740 *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3759.

of Criminal Appeals has defined an extraneous offense as "any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging papers." *Rankin v. State*, 953 S.W.2d 740 (Tex.Crim.App.1996) (emphasis omitted). Similarly, we believe that 37.07's use of the term "extraneous crime" is not limited to unadjudicated crimes, but includes both adjudicated and unadjudicated crimes which the defendant can be proved to have committed beyond a reasonable doubt.

By allowing the State to present evidence about extraneous crimes or bad acts jurors learn "as much useful information as possible in deciding the appropriate punishment for the individual defendant." *Mendiola v. State*, 924 S.W.2d 157, 163 (Tex.App.—Corpus Christi 1995, no pet.) (quoting *Bowser v. State*, 816 S.W.2d 518, 521 (Tex.App.—Corpus Christi 1991, no pet.)). For example, in *Cox v. State*, the Fort Worth Court of Appeals held that evidence presented during the punishment phase of an aggravated robbery trial, which showed that the defendant had once followed a woman home in the middle of the night, gone to her door, and turned her front door knob, was admissible as a "bad act" committed by the defendant. 931 S.W.2d 349, 356–57 (Tex.App.—Fort Worth 1996, pet. granted). We are unable to discern a reason why jurors, such as those in *Cox,* can consider the facts surrounding a bad act, which was not a criminal offense, to

determine a proper sentence, but jurors cannot consider an event which led to a criminal conviction. *See Standerford v. State*, 928 S.W.2d 688, 693 (Tex.App.—Fort Worth 1996, no pet.) (holding that the trial court did not err in allowing the State to present evidence about the defendant's prior DWI convictions). Once the trial judge has made a threshold determination that evidence regarding an extraneous crime is relevant, then the jury may consider it in deciding punishment if the State proves the occurrence beyond a reasonable doubt. *See Mitchell v. State*, 931 S.W.2d 950, 953 (Tex.Crim.App. 1996).

Consequently, Haney's second point is overruled because we conclude that the State may present evidence about the details surrounding a defendant's extraneous prior criminal conviction.[4] Furthermore, the trial court's charge on punishment properly instructed the jurors that before they could consider other offenses in determining Haney's punishment they must have found beyond a reasonable doubt that Haney had committed those offenses.

The judgment is affirmed.

---

**4.** We do not reach the question of whether the State can go into the details of a prior conviction which is not "extraneous," *i.e.,* one that is charged in the indictment for enhancement purposes. *See Lopez v. State,* 574 S.W.2d 563, 566 (Tex.Crim.App. [Panel Op.] 1978); *Levy v. State,* 860 S.W.2d 211, 212 (Tex.App.—Texarkana 1993, pet. ref'd).