# NO. 12-03-00230-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERRY JACK MILLICAN,* <br> *APPELLANT* | § | *APPEAL FROM THE 97TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *MONTAGUE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury convicted Appellant Terry Jack Millican of aggravated robbery as charged in the indictment and affirmatively found that Appellant used a deadly weapon. The jury also assessed Appellant's punishment at imprisonment for sixty years and a ten thousand dollar fine. In five issues, Appellant complains of the admission of certain evidence, the trial court's response to a note from the jury during its deliberations, and the sufficiency of the evidence. We affirm.

## BACKGROUND

Tito Contreras left work at the Sonic drive-in restaurant in Nocona, Texas and started walking to a local liquor store to cash his paycheck. Before Contreras arrived at the liquor store, Brad Coleman pulled up in his pickup and offered him a ride. Appellant was a passenger in Coleman's pickup. Contreras knew Appellant from around town and accepted the ride. After Contreras cashed his paycheck, Coleman drove away from Nocona, explaining that they were going to get some marijuana. At some point, Appellant pulled a pistol, pointed it at Contreras's neck, and said that he wanted Contreras's money. Appellant and Contreras began to struggle. When Contreras

began to prevail in the struggle, Coleman joined in, hitting Contreras. Appellant then shot Contreras twice in the stomach. Contreras opened the pickup door and fell into the road. Appellant got out of the pickup and hit and kicked Contreras for about five minutes. He then searched Contreras's pockets, looking for his wallet and the money from the cashed paycheck. However, Contreras had thrown his wallet as he fell out of the pickup, and Appellant could not find it. Coleman called to Appellant to leave, and Appellant rejoined Coleman in the pickup. They drove away, leaving Contreras in the roadway where he was eventually picked up and taken to the hospital.

At the hospital, Contreras identified Coleman and Appellant from a photographic lineup. He identified Coleman as the driver of the pickup and also identified Appellant as the person who scuffled with him and shot him. The pickup in which the three men were riding belonged to Coleman's father and was found parked in front of Coleman's apartment. Law enforcement officers discovered several bullet holes in the cab compartment of the pickup along with broken glass and blood stains. They also discovered a shoe beneath the pickup. At the scene of the robbery, officers found a shoe that matched the one found beneath the pickup, broken glass, blood stains, Contreras's work shirt with the "Sonic" logo, and Contreras's wallet. DNA test results identified Contreras's blood on Appellant's pants.

At trial, Coleman testified that Appellant had pulled the gun on Contreras and shot him. Appellant's half sister, Coleman's live-in girl friend at the time of the robbery, testified that Coleman said he shot Contreras. Appellant's half brother testified that Coleman had told him that Coleman shot Contreras. Appellant's half brother also testified that he was present when Contreras told his supervisor at Sonic that he, Contreras, did not know who shot him. Both Appellant's half sister and half brother admitted they had not told anyone of these admissions by Coleman and Contreras until they came to testify for Appellant at trial.

The jury found Appellant guilty of aggravated robbery and made an affirmative deadly weapon finding. The jury also assessed punishment at imprisonment for sixty years and a ten thousand dollar fine. This appeal followed.

### HEARSAY EVIDENCE REGARDING PHOTOGRAPHIC LINEUP

In his first issue, Appellant contends the trial court erred in admitting the investigating

officer's hearsay testimony that Contreras identified Appellant in a photographic lineup.

We first note that the officer had previously testified, without objection, that the first time he interviewed Contreras in the hospital, Contreras identified Appellant as the man who robbed him. At that time, Contreras also told him that he had "hung out" with Appellant some. Case law is clear that "error in admission of evidence is cured where the same evidence comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible evidence is offered." *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984). Since the evidence had already come in without objection, any error was waived. Even absent waiver, however, the result would not change.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay is not admissible except as provided by statute or the rules of evidence. TEX. R. EVID. 802. Rule 801(e) provides that a statement is not hearsay if the declarant testifies at trial, is subject to cross-examination concerning the statement, and the statement is "one of identification of a person made after perceiving the person." TEX. R. EVID. 801(e)(1)(C).

Here, Contreras testified at trial and was subjected to cross-examination. During his testimony, he identified Appellant as the person who robbed him and shot him. He also testified that his identification was not based solely on seeing Appellant the day of the robbery. According to Contreras, he had previously known Appellant and they had gone to a football game together with a group of people. This testimony satisfies the requirements of Rule 801(e)(1)(C). Therefore, the complained-of testimony was not hearsay. *See id.*

Appellant also contends in his first issue that the admission of the challenged testimony was improper bolstering. However, Appellant admits that he did not object to the testimony on that ground. Therefore, that aspect of his first issue is waived. *See* TEX. R. APP. P. 33.1; *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Further, bolstering is not a valid objection if the identification statement is admissible under Rule 801(e)(1)(C). *Jones v. State*, 833 S.W.2d at 634, 635 (Tex. App.–Houston[14th Dist.] 1992, pet. ref'd); *Thomas v. State*, 811 S.W.2d 201, 208 (Tex. App.–Houston [1st Dist.] 1991, pet. ref'd). Appellant's first issue is overruled.

3

## CHAIN OF CUSTODY

In Appellant's second issue, he asserts that the trial court erred in admitting blood sample and clothing evidence because the State failed to prove a secure chain of custody.

Texas Ranger Kenny Ray testified that he obtained several boxes of evidence from the Montague County Sheriff's Office investigator and delivered the evidence to the Texas Department of Public Safety (DPS) testing laboratory in Austin. He then retrieved the items and returned them to the Montague County Sheriff's Office. He admitted he did not know what was contained in the boxes.

Officer Robertson with the Montague County Sheriff's Office testified about collecting the various items contained in the boxes and identified them at trial. Further, the DPS lab person who tested the evidence also identified the items and explained his testing of the items.

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX. R. EVID. 901(a). A chain of custody of evidence is conclusively proven when the seizing officer testifies that he seized the physical evidence, put an identification mark on it, placed it in the property room, and retrieved the item of evidence from the property room on the day of trial. *Stoker v. State*, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989). Stated another way, proof of the beginning and the end of the chain will support admission of the evidence barring any showing of tampering or alteration. *See id.* Where there are no allegations of tampering or alteration, questions as to care and custody of the evidence generally go to weight rather than admissibility. *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997).

In the present case, Appellant neither suggested tampering or alteration nor questioned that Texas Ranger Ray delivered and returned the boxes of evidence. Rather, the objection was that the chain of custody failed because Ray was unable to identify the items contained in the boxes he transported. As such, Appellant's objection went to the weight the jury chose to give to the evidence rather than to its admissibility. *See id.* Appellant's second issue is overruled.

## ADMISSION OF JUVENILE DISPOSITION EVIDENCE

In his third issue, Appellant contends the trial court erred in admitting evidence of

Appellant's juvenile record, including the adjudication, disposition, and disposition following modification, during the punishment phase of Appellant's trial. Appellant acknowledges that article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure provides for the admission of a prior juvenile adjudication, but contends the disposition of that adjudication is not admissible.

Article 37.07, section 3(a)(1) provides, in pertinent part, that

> evidence may be offered . . . as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant. . . . Additionally, . . . evidence may be offered by the state and the defendant of an adjudication of delinquency based on a violation by the defendant of a penal law of the grade of:
> (A)     a felony; or
> (B)     a misdemeanor punishable by confinement in jail.

TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (Vernon Pamph. Supp. 2004–2005). Prior versions of article 37.07, section 3(a) prohibited introduction during the punishment phase of the details about a prior criminal act resulting in a final conviction. *See Haney v. State*, 951 S.W.2d 551, 554 (Tex. App.–Waco 1997, no pet.) (citations omitted). However, the legislature amended the article after the Texas Court of Criminal Appeals held that an extraneous unadjudicated offense could not be admitted as relevant evidence during the punishment phase of a trial. *Id.*; *see Grunsfeld v. State*, 843 S.W.2d 521, 523 (Tex. Crim. App. 1992). The current version permits the admission of evidence of "any matter the court deems relevant to sentencing." TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1); *Haney*, 951 S.W.2d at 554. As the court noted in *Haney*, "[t]he statute does not limit what evidence a trial court might consider relevant, [footnote omitted] but specifies that relevant evidence at sentencing includes, *inter alia*, the defendant's prior criminal record and evidence of an extraneous crime or bad act proven beyond a reasonable doubt." *Id.*

Building on the *Haney* court's analysis, the Texarkana Court of Appeals, in a case involving admission of a defendant's juvenile adjudication, wrote that article 37.07, section 3(a) provides the avenue for the admission of juvenile court adjudications at later criminal proceedings. *Barletta v. State*, 994 S.W.2d 708, 713 (Tex. App.–Texarkana 1999, pet. ref'd). The court also noted that the trial court's decision to admit such evidence is reviewed for an abuse of discretion and will not be disturbed unless the trial court's ruling was beyond the zone of reasonable disagreement. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990)(op. on reh'g)).

5

Further, the San Antonio Court of Appeals has noted that, although article 37.07, section 3(a) refers only to admission of evidence of an adjudication, and not the disposition of a delinquency case, "it does not forbid [the use of a disposition] when the trial court deems the evidence to be relevant to sentencing." *Santoya v. State*, 04-94-00761-CR, 1996 WL 14073, at *8 (Tex. App.–San Antonio Jan. 17, 1996, pet. ref'd) (not designated for publication).

Based upon the foregoing authorities, we hold that the trial court did not abuse its discretion in admitting evidence of the disposition and order modifying disposition of Appellant's prior adjudication. Thus, the admission of the evidence was not error. Appellant's third issue is overruled.

## JURY INSTRUCTIONS DURING DELIBERATIONS

In Appellant's fourth issue, he argues that the trial court failed to "properly instruct" the jury during its deliberations during the guilt/innocence phase of the trial in response to the following jury note: "page 3, number 4 and 5 states that Terry Jack did shoot Tito. Has this been determined that Terry did shoot Tito?" The court responded, "You are instructed that the Court, under the law, is not permitted to answer the question which you have presented. Please consider only the instructions which have already been given and continue your deliberations." Defense counsel objected to the instruction and requested that the court make the following response: "That is what you have been impaneled to decide."

Article 36.27 of the Texas Code of Criminal Procedure outlines the procedure for a jury's communication with the court after a charge has been given the jury. TEX. CODE CRIM. PROC. ANN. art. 36.27 (Vernon Pamph. Supp. 2004-2005). Article 36.27 requires the court to answer communications of the jury and give additional instructions upon questions of law when the request is proper. *Gamblin v. State*, 476 S.W.2d 18, 20 (Tex. Crim. App. 1972). If the request is not proper, the court should inform the jury that their request is not proper by referring to the court's charge. *Id.* When the trial judge responds substantively to a jury question during deliberations, that communication essentially amounts to an additional or supplemental jury instruction. *Dixon v. State*, 64 S.W.3d 469, 475 (Tex. App.–Amarillo 2001, pet. ref'd) (citing *Daniell v. State*, 848 S.W.2d 145, 147 (Tex. Crim. App. 1993)). A communication from the court that merely refers the

jury to the original charge is not an additional instruction. *Dixon*, 64 S.W.3d at 475 (citing *Earnhart v. State*, 582 S.W.2d 444, 450 (Tex. Crim. App. 1979)). It is assumed that a jury will follow the instructions given, and a judgment will not be reversed without evidence the jury was actually confused by the charge. *Williams v. State*, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996).

In the present case, the jury sent the court a note that said "page 3, number 4 and 5 states that Terry Jack did shoot Tito. Has this been determined that Terry did shoot Tito?" The pertinent portion of the jury charge stated, "Now, if you find from the evidence beyond a reasonable doubt that on or about the 19th day of December, 2001, in Montague County, Texas, the defendant, Terry Jack Millican, did. . . ." The jury charge correctly directed the jury to find Appellant guilty *if* it found from the evidence, beyond a reasonable doubt, that he committed the alleged offense. The court, in directing the jury back to the charge, declined to provide a communication that would be an additional or supplemental jury charge. When the jury returned to its deliberations, as directed by the court, it was able to apply the correct jury charge and agree on a verdict. We hold the trial court did not err in not submitting Appellant's suggested additional jury charge or in responding as it did to the jury's question. Appellant's fourth issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his fifth issue, Appellant contends the evidence is legally and factually insufficient to support the jury's finding of guilt.

### Legal Sufficiency

In reviewing a legal sufficiency question, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The trier of fact, here the jury, is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). The jury is entitled to draw reasonable inferences from the evidence. *Benavides v. State*, 763 S.W.2d 587, 588-89 (Tex. App.–Corpus Christi 1988, pet. ref'd). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Losada v. State*, 721 S.W.2d 305, 309 (Tex.

7

Crim. App. 1986).

Viewed in the light most favorable to the verdict, the evidence here shows that Contreras knew Appellant prior to the robbery and accepted a ride with Appellant and Coleman because of that familiarity. Contreras identified Appellant as the person who pulled a gun on him and as the person who had shot and robbed him. Contreras also identified Appellant from the police photographic lineup and later in court. Contreras's blood was found on Appellant's pants. The pickup in which they were riding belonged to Coleman's father and had bullet holes, broken glass, and blood stains in the cab. Underneath the pickup was a shoe that matched one found at the scene. Also at the scene of the robbery was more broken glass from the pickup, blood stains, Contreras's "Sonic" work shirt, and his wallet. Finally, Coleman testified that Appellant pulled the gun on Contreras and shot him during the struggle. This evidence is legally sufficient to support Appellant's conviction. Appellant's fifth issue, as to legal sufficiency, is overruled.

**Factual Sufficiency**

When reviewing the factual sufficiency of the evidence, we review all of the evidence, but not in the light most favorable to the prosecution. *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We must determine whether a neutral review of the evidence, both for and against the finding, demonstrates that a rational jury could find guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is factually insufficient when evidence supporting the verdict, considered by itself, is too weak to support the finding of guilty beyond a reasonable doubt. *Id.* Evidence is also factually insufficient when contrary evidence is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. *Id.* at 485. The jury is the sole judge of the weight and credibility of witness testimony. *Wesbrook v. State*, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000).

Applying these guidelines in determining the factual sufficiency of the evidence, we consider all the evidence adduced at trial. In addition to considering the testimony supporting the verdict, we also consider the evidence that tends to disprove Appellant's guilt. Therefore, in addition to the evidence summarized in our legal sufficiency discussion, we also consider the testimony by Appellant's half sister that Coleman said he shot Contreras and testimony by Appellant's half brother that Contreras told his Sonic manager that he did not know who shot him.

8

The jury heard both the State's evidence and witnesses and Appellant's cross-examination of those witnesses. The jury saw the demeanor of the witnesses and evaluated those witnesses' credibility. The jury chose to believe the State's evidence. In examining the evidence, both for and against the verdict, we cannot say that the evidence supporting the verdict, considered by itself, is too weak to support the finding of guilty beyond a reasonable doubt. Nor can we say that the contrary evidence is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Therefore, we hold that the evidence was factually sufficient for the jury to find Appellant guilty as charged. Appellant's fifth issue, as to factual sufficiency, is overruled.

## DISPOSITION

Having overruled Appellant's first, second, third, fourth, and fifth issues, the judgment of the trial court is *affirmed*.

__SAM GRIFFITH__

Justice

Opinion delivered December 22, 2004.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### DECEMBER 22, 2004

### NO. 12-03-00230-CR

**TERRY JACK MILLICAN,**

Appellant

V.

**THE STATE OF TEXAS,**

Appellee

---

Appeal from the 97th Judicial District Court
of Montague County, Texas. (Tr.Ct.No. 02-06-0107M-CR)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*