*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00376-CR

Emilio Travino **CINTRON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-3983
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:    February 11, 2009

AFFIRMED

Emilio Travino Cintron was convicted of nine counts of aggravated sexual assault of a child and nine counts of indecency with a child. On appeal, Cintron argues that the trial court erred in admitting the testimony of four of the State's punishment phase witnesses and in overruling his objection to the cumulation of sentences. We affirm the judgment of the trial court.

**FACTUAL BACKGROUND**

In 2005, ten-year-old A.R. told her aunt that her mother's live-in boyfriend, Emilio Travino Cintron, was sexually abusing her. A.R.'s aunt took A.R. to the Santa Rosa Children's Hospital where A.R. explained that Cintron had sexually assaulted her both vaginally and anally almost everyday since she was four years old. Santa Rosa personnel alerted the San Antonio Police Department and Child Protective Services, which both spoke to A.R. about the incidents.

Cintron was charged by indictment with nine counts of aggravated sexual assault of a child and nine counts of indecency with a child. The indictment also contained an enhancement paragraph alleging that Cintron had previously been convicted of assault of a child. Following a jury trial, Cintron was found guilty on all eighteen counts, and the jury found the enhancement allegation to be true. Cintron was sentenced to eighteen life imprisonments and eighteen fines of $10,000; all sentences and fines were to run concurrently except for the sentences and fines in Count I and Count VII with Count I not beginning until the sentence and fine in Count VII was completed.

**ADMISSION OF EVIDENCE AT PUNISHMENT PHASE OF TRIAL**

In his first point, Cintron argues that the trial court erred in overruling his objections to the testimony of four of the State's punishment phase witnesses. Cintron argues that the testimony of each of the witnesses violated Texas Rule of Evidence 403 because the probative value of each of the witness's testimony was substantially outweighed by the danger of unfair prejudice, and in two specific instances, the testimony was cumulative of other evidence presented by the State.

We review a trial court's decision to admit evidence during the punishment phase of trial under an abuse of discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). "The trial court has broad discretion in determining admissibility of evidence at the

punishment phase of trial." *Cooks v. State*, 844 S.W.2d 697, 735 (Tex. Crim. App. 1992). During the punishment phase, "the jury is concerned . . .with evaluating a defendant's background and character independent of the commission of the crime on trial." *Sparkman v. State*, 580 S.W.2d 358, 360 (Tex. Crim. App. 1979) (emphasis removed). To address this concern, article 37.07, section 3 of Texas Code of Criminal Procedure provides:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE. CRIM. PROC. ANN. art. 37.07(3)(a)(1) (Vernon Supp. 2008). Article 37.07, section 3 specifically recognizes that a defendant's prior bad acts may be relevant to sentencing. *Id*.; *Haney v. State*, 951 S.W.2d 551, 554 (Tex. App.—Waco 1997, no pet.). Evidence concerning a defendant's bad acts allows jurors to learn "'as much useful information as possible in deciding the appropriate punishment for [an] individual defendant.'" *Haney*, 951 S.W.2d at 555 (quoting *Mendiola v. State*, 924 S.W.2d 157, 163 (Tex. App.—Corpus Christi 1995, pet. ref'd, untimely filed)). Moreover, article 37.07, section 3 provides that evidence about a defendant's bad acts is admissible "regardless of whether he has previously been charged with or finally convicted of the crime or act." TEX. CODE CRIM. PROC. ANN. art. 37.03(3)(a)(1).

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. We presume "that relevant evidence will be more probative than prejudicial." *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001); *accord Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). Only when "a clear disparity [exists] between the degree of prejudice of the evidence and its probative value" will Rule 403 require the exclusion of evidence. *Conner*, 67 S.W.3d at 202 (citing *Jones v. State*, 944 S.W.2d 642, 653 (Tex. Crim. App. 1996)).

In this case, the State presented four witnesses to testify regarding Cintron's prior bad acts. R.R. II, A.R.'s older brother, testified Cintron was often in a bad mood and choked or hit him on a regular basis. Veronica Magana, the mother of the child Cintron was previously convicted for assaulting, testified Cintron hit and choked her on multiple occasions during their relationship. She also testified about the night Cintron beat her two-year-old son with a wooden back scratcher after Cintron had choked her and busted her lip. Cleo Gonzales, a former girlfriend of Cintron, testified Cintron assaulted her and her mother in 1994 when he struck her and pushed her mother into a kitchen booth. Lastly, A.M.R., A.R.'s mother, testified Cintron was frequently mad and would hit, slap, and choke her as well as spit in her face.

Individually, each of the four witnesses testified regarding their own personal experience with Cintron's abusive behavior which was probative of Cintron's prior bad acts. The collective testimony, however, was probative of Cintron's ongoing, repeated pattern of abuse which the witnesses could not individually establish. The collective testimony assisted the jury in evaluating Cintron's character and his moral blameworthiness for punishment purposes. Although the testimony was prejudicial because of the very nature of the abusive acts in which Cintron engaged, it was not "unfairly prejudicial" under Rule 403 of the Texas Rules of Evidence. "'Unfair prejudice'

does not, of course, mean that the evidence injures the opponent's case—the central point of offering evidence." *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993) (citation omitted). Rather, as used in Rule 403, "'unfair prejudice' means the undue tendency of the evidence to suggest a decision on an improper basis." *Flores v. State*, 125 S.W.3d 744, 746 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The evidence in this case only suggested that Cintron be punished for his moral blameworthiness and his character which were proper bases for the jury to consider. *See Rodriguez v. State*, 203 S.W.3d 837, 843-44 (Tex. Crim. App. 2006) (holding that the trial court did not abuse its discretion in overruling a Rule 403 objection where evidence was probative of the appellant's moral blameworthiness). Accordingly, the trial court did not abuse its discretion in concluding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Cintron's first point of error is overruled.

## CUMULATION OF SENTENCES

In his second point, Cintron argues that the trial court erred when it impliedly overruled his objection to the cumulation of sentences by stacking two of the life sentences imposed by the jury. Cintron argues that since he was thirty-six years old when he was sentenced, the trial court's decision to stack two of his life sentences would not allow him to be eligible for parole until his mid-90s. As a result, Cintron argues that the trial court's decision to sentence him to two consecutive life terms constitutes cruel and unusual punishment under the "evolving standards of decency" guaranteed by the Eighth Amendment and is disproportionate to the offenses.

Texas courts have traditionally held that as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g., Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*,

174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd). Under the Texas Penal Code, a conviction of aggravated sexual assault of a child carries a range of punishment of five to ninety-nine years or life imprisonment and up to a $10,000 fine. TEX. PENAL CODE ANN. § 12.32(a), (b) (Vernon 2003); § 22.021(a), (b) (Vernon Supp. 2008).

Furthermore, when a defendant is convicted of two or more cases, the "judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction." TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon 2006). The trial court generally has the discretion to order the sentences to run consecutively or concurrently. *Id*.

Under both the Texas Constitution and the Eighth Amendment of the United States Constitution, however, "a prohibition against grossly disproportionate punishment survives. . .apart from any consideration of whether the punishment assessed is within the range established by the Legislature." *See* U.S. CONST. amend. VIII; TEX. CONST. art I, § 3; *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.). "By determining whether a sentence is grossly disproportionate to the crime, we [balance] the gravity of the offense against the length of the prison sentence." *See Krumboltz v. State*, 945 S.W.2d 176, 177 (Tex. App.—San Antonio 1997, no pet.).

In this case, Cintron was charged with nine counts of aggravated sexual assault of a child and nine counts of indecency with a child. The jury found Cintron guilty on all eighteen counts as well as found the enhancement paragraph to be true. In light of the nature of Cintron's offenses, the punishment range available for each offense, and the imposition of concurrent sentences as to sixteen of the counts, we are unable to find that the trial court's decision to run the sentences as to two of the counts consecutively violates the Eighth Amendment of the United States Constitution or article I, section 13 of the Texas Constitution. Accordingly, Cintron's second point is overruled.

## CONCLUSION

We affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH.