Affirmed and Memorandum Opinion filed May 28, 2009








Affirmed and Memorandum Opinion filed May 28, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00591-CR

_______________

 

ADAM EDWARD GREEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 220th District Court

Bosque County, Texas

Trial Court Cause No. 08-02-14216-BCCR

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury
found appellant, Adam Edward Green, guilty of credit card abuse and assessed
punishment at two years= state jail confinement.  The trial court sentenced appellant
accordingly.  In two issues, appellant contends (1) the trial court erred in
failing to submit an instruction on whether a witness was an accomplice as a
matter of fact, and (2) the evidence was insufficient to corroborate the
testimony of a witness who was an accomplice as a matter of law.  Because all
dispositive issues of law are settled, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.








I.  Factual and Procedural Background

Appellant
and Michael Squillace were charged with credit card abuse based on Squillace=s proffer of a credit card belonging
to Lottie McElyea to pay for gasoline at a convenience store near Valley
Mills.  At appellant=s jury trial, the State elicited testimony from Squillace,
Stormy Jones, who was with appellant and Squillace, McElyea, Stephanie Crow,
who was clerking at the convenience store, and Tommy Roach, the police officer
who investigated the case.  Appellant did not call any witnesses, but relied on
his cross-examination of the State=s.

The
undisputed testimony established the following events as occurring on the day
of the offense.  Around 3:00 or 4:00 p.m., appellant, Squillace, Stormy,
Earnest McLemore, and Richard Jones went to Whitney Cliffs, where they swam and
drank beer.[1]  After they
left the cliffs, they went to the Lake Stop in Whitney, where they met McElyea.[2] 
McElyea appeared intoxicated, and one of the young men either drove her home or
they all followed her to her home to make sure she arrived.  After they arrived
at McElyea=s home, the young men and McElyea sat at an outdoor table.  McElyea=s purse was in her car, which was
under the carport of her house.  At some point, one or more of the young men
entered McElyea=s home for a short time to use the bathroom or to get some
Canadian Mist, which at least some of the young men drank.  After an hour or
so, the young men left.  The next morning McElyea discovered her purse and
credit card were missing.








On their
way home, the young men stopped at a CEFCO convenience store.  Appellant put
$35.00 worth of gasoline in his or his grandparents= car.  Squillace entered the
convenience store to pay for the gasoline, along with a lantern and some
cigarettes.  He offered a card bearing the name ALottie@ to Crow.[3] 
While Squillace was at the counter, Stormy entered the store, and Stormy and
Crow approached each other and hugged.  The credit card was declined, and
Squillace then left the store for a few minutes and talked with appellant and
the other young men.  Appellant told Squillace to tell the clerk the card
belonged to a relative.  Squillace reentered the store and gave Crow the card,
this time just for the $35.00 gasoline charge.  Squillace told Crow the card
belonged to the aunt of Athe guy that was out there pumping the gas.@  The card was again declined and
Squillace left the store.  Appellant then entered and gave Crow ten dollars in
small bills, saying he would return the next day with the rest of the amount. 
Crow noted the make, model, color, and licence plate of the car.

After
the young men left the store, a police car drove into the CEFCO parking lot; and
the officer approached Richard, who appeared intoxicated.  When appellant saw
the police car, he got into the driver=s seat and drove off, leaving Richard
behind.  Richard was arrested for public intoxication.

Valley
Mills Chief of Police Tommy Roach investigated the case.  Appellant was charged
based on Squillance=s confession, the content of the surveillance tape, McLemore=s statement, and the full
investigation.

II.  Discussion

A.  Jury Charge on whether Stormy
Jones was an Accomplice Witness








In issue
one, appellant contends the trial court erred in not submitting a charge asking
the jury to find whether Stormy Jones was an accomplice witness.  Appellant did
not request such a charge and affirmatively stated he did not object to the
jury charge as given.  Thus, if the trial court erred in not submitting an
accomplice-witness charge in relation to Stormy, appellant cannot prevail
unless he can prove egregious harm.  See Herron v. State, 86 S.W.3d 621,
632 (Tex. Crim. App. 2002).

An
accomplice is one who participates with another before, during, or after the
commission of a crime.  Cocke v. State, 201 S.W.3d 744, 748 (Tex. Crim.
App. 2006).  Without performing an affirmative act to assist in the commission
of the offense, a person cannot be an accomplice witness, even as a matter of
fact.  Kunkle v. State, 771 S.W.2d 435, 441 (Tex. Crim. App. 1986).  In Creel
v. State, the court of criminal appeals listed actions which are
insufficient to characterize one as an accomplice witness:

One is not
an Aaccomplice witness@
who cannot be prosecuted for the offense for which the accused is charged.  In
addition, Amere presence@ at
the scene of the offense is not a sufficient amount of participation by the witness
to render her an Aaccomplice witness.@ 
Moreover, a witness is not deemed an accomplice witness because she failed to
disclose the commission of the offense to law enforcement officials. 
Furthermore, a witness is not proved an accomplice by proof merely that she
interested herself in the defense of the accused.  Finally, a witness= [sic] complicity with the accused in the commission
of another offense does not make her testimony that of an accomplice for which
the accused is on trial.

 

754 S.W.2d 205, 213 (Tex.
Crim. App. 1988) (citations omitted).

In the
present case, the only Aaffirmative acts@ to which appellant points are Stormy=s entry into the store after the card
was declined, possibly to tell Squillace to ask appellant what to do after the
card was declined, and hugging Crow.  We cannot conclude this evidence sufficed
to create a fact issue on whether Stormy was an accomplice.  See Haney v.
State, 951 S.W.2d 551, 552B53 (Tex. App.CWaco 1997, no pet.) (AIf . . . there is a fact question
about whether or not the witness is an accomplice, the trial court should
instruct the jurors to resolve this factual issue . . . .@).








Put
differently, we cannot conclude Stormy could have been prosecuted for the
offense with which appellant was charged.  He therefore could not have been
considered an accomplice witness.  See Creel, 754 S.W.2d at 213.

For the
foregoing reasons, we overrule appellant=s first issue.

B.  Corroboration
for the Testimony of Accomplice-Witness Squillace

 In
issue two, appellant contends there was insufficient evidence to corroborate
the testimony of accomplice-witness Michael Squillace.  Squillace was charged
with the same offense as appellant and therefore was an accomplice witness as a
matter of law.  See Herron,  86 S.W.3d at 631.  Under the accomplice-witness
rule, a defendant cannot be convicted based on the testimony of an accomplice
unless the testimony is corroborated by other evidence tending to connect the
defendant with the offense committed.  Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon
2005).  Corroboration is insufficient if it merely shows commission of the
offense.  Id.

To determine whether sufficient corroboration exists, we
eliminate the accomplice witness=s testimony from
consideration and then determine whether any of the remaining evidence tends to
connect the accused with commission of the crime.  Longoria v. State,
154 S.W.3d 747, 758 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  The
corroborating evidence need not directly link the accused to commission of the
offense, nor must it be sufficient in itself to establish guilt.  Id.  In other words, it is not necessary
for the non-accomplice evidence to connect the defendant with every element of
the crime.  Vasquez v. State, 56 S.W.3d 46, 48 (Tex. Crim. App. 2001). 
The accomplice-witness rule is satisfied if there is some non-accomplice
evidence that tends to connect the accused to commission of the offense
alleged.  Longoria, 154 S.W.3d at 758.  We view this evidence in the
light most favorable to the jury=s verdict, and we must judge each
case on its own facts.  See Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim.
App. 1994).








A
defendant=s presence in the company of the accomplice before, during, and after
commission of the offense coupled with other suspicious circumstances may tend
to connect the defendant to the offense.  Thompson v. State, 54 S.W.3d
88, 93B94 (Tex. App.CTyler 2001, pet. ref=d) (citing Dowthitt v. State,
931 S.W.2d 244, 249 (Tex. Crim. App. 1996)).  Proof a defendant was at or near
the place where the crime occurred, at or about the time it happened, along
with evidence of other circumstances can be sufficient corroboration to support
a conviction.  Cox v. State, 830 S.W.2d 609, 611 (Tex. Crim. App. 1992).

The
following evidence corroborates Squillace=s testimony and tends to connect
appellant with the offense:

$                  
Stormy=s testimony appellant or his
grandparents owned the car into which appellant pumped the fuel at CEFCO;

$                  
McElyea=s testimony five boys were at her
home and Stormy=s testimony appellant was there;

$                  
Stormy=s statement appellant took a small
dark colored purse from McElyea=s car;

$                  
Stormy=s testimony appellant took credit
cards from the purse;

$                  
the CEFCO
surveillance videos showing appellant pumping gas into the white car and paying
the clerk in small bills for the gasoline after the credit card was declined;
and

$                  
Roach=s testimony that, based on the
surveillance videos and McLemore=s statement, Roach concluded
appellant had given Squillace the credit card to pay for the gasoline.








Viewed
in the light most favorable to the verdict, the preceding evidence from sources
other than Squillace tends to connect appellant with commission of the alleged
offense.  Squillace=s testimony was sufficiently corroborated to support
appellant=s conviction.  Accordingly, we overrule appellant=s second issue.

 

III.  Conclusion

 

Having
overruled appellant=s two issues, we affirm the judgment of the trial court.

 

 

 

 

/s/        Charles W. Seymore

Justice

 

 

 

 

 

Panel consists of Justices Seymore,
Brown, and Sullivan.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The five young men ranged in age from around
seventeen years to their early twenties.  Because two of the young men are
surnamed Jones, we refer to those two by their first names.





[2]  At the time of trial, McElyea was forty-eight years
old.





[3]  Crow testified she did not look at the name until
after the card was declined and she remembered only the name, ALottie.@